*385 OPINION.
Smith:
1. The first point raised by the petition is the correct amount of salary to be allowed the petitioner’s president for the years 1919 and 1920. The corporation was a close corporation and the agreement had been made among the directors that only living expenses should be paid the president as salary. This was charged under two items, one as officer’s salary and the other as expense. This segregation of the compensation thus -paid was the act of the bookkeeper. The respondent has disallowed the deduction from gross income of the amount paid to the president in excess of that shown upon the books as his salary. We are satisfied from the evidence, however, that the entire amount was paid as compensation for the services of the president and that the amount was only reasonable *386 compensation for those services. The amounts deductible from gross income for the president’s salary for the years 1919 and 1920 are $6,075.26 and $7,461.29, respectively.
2. The petitioner subscribed to stock of the Northern Hotel Co., Chippewa Falls, Wis., to the extent of $2,000 and paid for the same. The Northern Hotel Co. constructed a hotel at Chippewa Falls, Wisconsin, at a cost of approximately $300,000. During the year 1920 the petitioner donated its stock to the Benevolent Order of Elks. The evidence is to the effect that the stock had as great a value at the time that it was donated as at the time that it was acquired by the petitioner. It is the contention of the petitioner, however, that the stock had no value whatever at the time that it was donated and that since it had no value, petitioner is entitled to deduct from its gross income for 1920 the $2,000 paid for the stock. The evidence warrants the conclusion that the amount was not a loss of the corporation. Since the stock had as great a value when it was donated to the Benevolent Order of Elks as at the time it was acquired it sustained no deductible loss in respect of the transaction.
3. In 1919 or 1920 the petitioner acquired $1,000 capital, stock of the Boone Tire & Rubber Co., which was later exchanged for a like amount of stock of the Prudential Tire & Rubber Co- This corporation went into the hands of a receiver in April, 1921. The petitioner was reliably informed during the year 1921 that the stock was worthless. The cost thereof was therefore a legal deduction from gross income.
4. The last point in issue is the correct rate of depreciation on farm buildings for the years 1916, 1917, 1918, and 1919. The books of account show that depreciation was charged at the rate of 2 per cent per annum and such amount was claimed as a deduction in the income-tax returns filed. The farm was sold in 1920. In computing the profit upon the sale of the farm the respondent computed depreciation for the years 1916, 1917, and 1918 at the rate of 4 per cent instead of at the rate of 2 per cent. The evidence is to the effect that the farm buildings were frame buildings on stone and cement foundations and that they had a useful life if kept in repair of at least 50 years; that many other farm buildings in the same locality had stood for a period of 40 to 50 years and that they were still in good condition. Upon the record we are of the opinion that depreciation was not sustained at a rate in excess of 2 per centum per annum. The profit realized upon the sale of the farm computed after the allowance of depreciation on farm buildings at the rate of 2 per centum per annum was $8,702.44.
Judgment will be entered on 15 days’ notice, u/nder Rule 50.
“Considered by LittletoN and Love.